UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENYA MCCULLOUGH,

    Plaintiff,

v.                                           Case No: 8:17-cv-1088-T-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Kenya McCullough's Complaint, filed on May 9, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed their joint legal memorandum in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On February 4, 2014, Plaintiff filed an application for disability insurance benefits. (Tr. at 85, 171-72). Plaintiff asserted an onset date of January 1, 2009. (*Id.* at 171). Plaintiff's application was denied initially on April 3, 2014 and on reconsideration on June 25, 2014. (*Id.* at 85, 94). Administrative Law Judge Daniel A. Piloseno, Jr. ("ALJ") held a hearing on March 30, 2016. (*Id.* at 54-77). The ALJ issued an unfavorable decision on April 29, 2016. (*Id.* at 39-48). The ALJ found Plaintiff not to be under a disability from January 1, 2009, the alleged onset date, through March 31, 2014, the date last insured. (*Id.* at 48).

On March 8, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on May 9, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 15).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through March 31, 2014. (Tr. at 41). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of January 1, 2009 through her date last insured of March 31, 2014. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "morbid obesity, insulin-dependent diabetes mellitus (IDDM), levocurvature of the lumbar spine, facet arthropathy, a history of deep venous thrombosis (DVT) of the left lower extremity, and hypothyroidism (20 CPR 404.1520(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id*. at 42).

At step four, the ALJ found the following:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant retained the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for less than 2 hours per workday, but no more than 30 minutes at a time, and sit for up to 8 hours per workday, but no more than 2 hours at a time; occasionally climbing stairs and ramps, but no climbing of ladders, ropes, or scaffolding; occasionally balancing, stopping, crouching, kneeling, or crawling; and likely missing work, or leaving work before completing 8 hours approximately 6 days per year.

(Tr. at 42).

The ALJ determined that through the date last insured, Plaintiff was capable of performing her past relevant work as an administrative assistant. (*Id.* at 46). In the alternative, the ALJ made findings for step five of the sequential evaluation. (*Id.* at 47). The ALJ considered Plaintiff's age, education, work experience, and residual functional capacity, and found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (*Id.*). The ALJ noted that the vocational expert identified the following representative occupations that Plaintiff was able to perform: (1) a charge account clerk, DOT # 205.367-010, sedentary, unskilled, SVP2; (2) order clerk, DOT # 209.567-014, sedentary, unskilled, SVP 2; and (3) surveillance monitor, DOT # 379.367-010, sedentary, unskilled, SVP 2. (*Id.* at 47-48).[2] The ALJ concluded that Plaintiff was not under a disability at any time from January 1, 2009, the alleged onset date, through March 31, 2014, the date last insured. (*Id.* at 48).

D.  **Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises two issues. As stated by the parties, they are:

(1) Whether substantial evidence supports the Administrative Law Judge's evaluation of Claimant's assertion that she required a bariatric chair as an accommodation to preforming sedentary work.

(2) Whether the Administrative Law Judge's finding that the Claimant could sit up for eight hours in an eight-hour workday is not supported by substantial evidence.

(Doc. 22 at 10, 15). The Court addresses each issue in turn.

### A. Bariatric Chair

Plaintiff asserts that due to her weight, she requires a special chair to be able to sit and work. (Doc. 22 at 10). Plaintiff argues that because the vocational expert testified that a special-sized chair may or may not be provided depending upon the employer, the ALJ erred in finding Plaintiff capable of performing her past relevant work and the other jobs listed in the decision. (*Id.* at 11).

The Commissioner contends that Plaintiff cited no legal authority to support this proposition and cited no medical or vocational authority of record showing that Plaintiff needed a special chair to be able to work. (*Id.* at 13).

A plaintiff bears the burden of showing that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy. *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986)). Even though a plaintiff has the burden of showing she can no longer perform her past relevant work, the Commissioner has the obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). To develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 831 (11th Cir. 2013). A plaintiff is the primary source for vocational documents, and "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands, and nonexertional demands of such work." SSR 82-62, 1982 WL 31386, at *3 (1982).[3]

At the hearing, Plaintiff testified that her weight affected her ability to sit because if she did not sit in the correct type of chair, it was uncomfortable. (Tr. at 62). Plaintiff testified that she needed a larger chair to support her back and, at her last job, she "had to sit in the smallest chairs." (*Id.*). The ALJ presented a hypothetical to the vocational expert that asked the

---

[3] "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. [citation omitted]. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010).

vocational expert to assume, *inter alia*, that this individual could sit for up to eight hours per workday, but not more than two hours at a time; and the individual could stand or walk for less than two hours per workday, but not more than thirty minutes at a time. (*Id.* at 72). The ALJ asked if this individual could perform Plaintiff's past relevant work. (*Id.*). The vocational expert responded affirmatively and also stated that this individual would be able to perform other work in the national economy at a sedentary level. (*Id.*). Plaintiff's counsel cross-examined the vocational expert asking if an individual needed a wider chair to accommodate extra weight, would that individual be able to perform the job of administrative assistant as it is typically performed. (*Id.* at 75). The vocational expert was unable to answer that question "because that's an employer accommodation" and employers may or may not accommodate. (*Id.* at 75-76).

In the decision, the ALJ determined that Plaintiff's morbid obesity was a severe impairment. (*Id.* at 41). Also, the ALJ noted that Plaintiff testified that "she needed a special bariatric chair because she was 5 feet, 6 inches tall and weighed 360 pounds, but had been 420 pounds." (Tr. at 43). The ALJ did not include this accommodation in the RFC. Thus, the ALJ acknowledged this accommodation, but chose not to include it in the RFC. In addition, Plaintiff did not cite to any medical or vocational evidence of record that supported her statements concerning her need for a special chair to be able to perform her past relevant work or other work in the national economy. Moreover, Plaintiff did not cite to any legal authority that requires an ALJ to make a determination as to whether an accommodation of a special chair was a prevalent accommodation in the work place before accepting or rejecting a vocational expert's testimony. Thus, the court rejects this argument and finds no inconsistency or conflict between Plaintiff's condition and Plaintiff's past relevant work and other jobs suggested by the vocational expert. *See generally Harry v. Colvin*, No. 1:15-CV-01514-JFK, 2016 WL 4708009, at *18 (N.D. Ga.

Sept. 8, 2016); *McLaughlin v. Astrue*, No. 8:08-CV-2047-T-TGW, 2009 WL 4573456, at *4 (M.D. Fla. Dec. 7, 2009). Accordingly, the Court finds that the ALJ did not err in finding Plaintiff was capable of performing her past relevant work as well as other jobs in the national economy and substantial evidence supports the ALJ's determination as to this issue. Nevertheless, the Court remands this action on the second issue raised and, as such, requests that this first issue be reconsidered as well.

### B. Sit Up to Eight Hours in an Eight-Hour Workday

Plaintiff argues that there are no medical sources that opined that Plaintiff could sit for a total of 8 hours out of an 8-hour workday. (Doc. 22 at 15-16). Plaintiff claims that the medical advisor to the state disability determination service opined that Plaintiff could sit for about 6 hours in an 8-hour workday. (*Id.* at 16 (citing Tr. at 100)). Plaintiff also claims that her treating physician opined that Plaintiff could sit for 1 to 2 hours at a time and more than 6 hours in an 8-hour workday, but did not opine that she could sit for 8 hours. (*Id.* (citing Tr. at 377)). Plaintiff argues that substantial evidence does not support the ALJ's decision that Plaintiff could sit for 8 hours in an 8-hour workday. (*Id.*).

The Commissioner argues that substantial evidence supports the ALJ's decision that Plaintiff is able to sit for up to 8 hours in an 8-hour workday. (*Id.* at 17). The Commissioner claims that the medical evidence supports the ALJ's determination and that it is the ALJ's responsibility to determine Plaintiff's RFC, not the medical professionals. (*Id.* at 20-21).

"The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her

8

established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

In the decision, the ALJ determined that Plaintiff could "stand and/or walk for less than 2 hours per workday but no more than 30 minutes at a time, and sit for up to 8 hours per workday, but no more than 2 hours at a time." (Tr. at 42). The ALJ acknowledged that Mr. Garside found that Plaintiff was capable of performing a restricted range of sedentary work "with limitations including standing and/or walking for 20-30 minutes at one time for a total of less than 2 hours in an 8-hour workday; sitting for 1-2 hours at one time for a total of at least 6 hours in an 8-hour day." (*Id.* at 45). The ALJ gave partial, but not controlling weight, to Mr. Garside's opinion. (*Id.*). The ALJ also noted that David Guttman, M.D. found that Plaintiff had the residual functional capacity to perform a restricted range of sedentary work. (*Id.*). The ALJ afforded Dr. Guttman's opinion moderate weight. (*Id.* at 45-46).

Turning to the medical records, on April 16, 2014, Michael Garside, P.A. – one of Plaintiff's treating medical professionals – completed a Physical Residual Functional Capacity Questionnaire. (*Id.* at 374-79). Mr. Garside determined that Plaintiff is able to sit for 1-2 hours at one time, stand 20-30 minutes at one time, stand/walk for less than 2 hours in and 8-hour workday, and sit for "at least 6 hours" in and 8-hour workday. (Tr. at 377). Mr. Garside also stated that Plaintiff "gets cramping" in her left leg "with sitting and walking." (*Id.* at 375).

9

On June 25, 2014, David Guttman, M.D., a state agency medical consultant completed a Residual Functional Capacity Assessment. (*Id.* at 100-102). Dr. Guttman determined that Plaintiff is able to stand/walk for a total of 2 hours and sit for a total of "[a]bout 6 hours in an 8-hour workday." (*Id.* at 100). Dr. Guttman noted that Plaintiff had pain in her left leg and was unable to sit and/or walk for long periods of time due to cramping. (*Id.* at 102).

Here, the Court finds that Plaintiff's treating medical professional and the state agency medical consultant agree that Plaintiff is able to sit for "at least 6 hours" or "about 6 hours." (*Id.* at 100, 377). Yet, the ALJ determined that Plaintiff is able to sit for 8 hours in an 8-hour workday. (*Id.* at 42). The ALJ did not cite to any medical records to support such a conclusion. The Court recognizes that the ALJ afforded partial weight to Mr. Garside's opinion and moderate weight to Dr. Guttman's opinion, but the ALJ did not explain nor support his decision to deviate from these two medical opinions when formulating Plaintiff's RFC. (*See id.* at 45, 46).

The Commissioner sets forth possible reasons why the ALJ made his decision as to the amount of hours Plaintiff is able to sit. (Doc. 22 at 18-21). However, the Court cannot affirm the ALJ's decision by relying on the Commissioner's *post hoc* rationale to support the ALJ's decision. *See Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) (citation and quotation omitted). Where, as here, the ALJ "fail[s] to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted," and provides no explanation to link the evidence to the RFC assessment, a reviewing court cannot determine whether the proper analysis occurred. *Hubbard v. Comm'r of Soc. Sec.*, 348 F. App'x 551, 553–54 (11th Cir. 2009). (citation and quotation omitted).

Accordingly, the Court finds that the ALJ's determination that Plaintiff is able to sit up to 8 hours in an 8-hour workday is not supported by substantial evidence.[4]

## III. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

It is hereby **ORDERED**:

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's residual functional capacity determination in light of the evidence of record.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

---

[4] Plaintiff also raises the argument that the ALJ's decision is not consistent. (Doc. 22 at 16). Plaintiff argues that if Plaintiff could sit for 8 hours in an 8-hour workday, then she could sit for 8 hours at a time. (*Id.*). Plaintiff asserts, however, that the ALJ also found that Plaintiff could sit for only 2 hours at one time. (*Id.*). Thus, Plaintiff argues that these findings are inconsistent. (*Id.*). Because the Court remands this action to the Commissioner, the Court need not reach this argument.

**DONE AND ORDERED** in Fort Myers, Florida on July 30, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties